576 A.2d 1089

**Kimberly FAGER, Appellee,**

**v.**

**Philip J. FATTA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 23, 1990.

Filed June 19, 1990.

William E. Chillas, Lancaster, for appellant.

154

James Hagelgans, Lancaster, for appellee.

Before OLSZEWSKI, MONTEMURO and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from a support order entered by the Court of Common Pleas of Lancaster County requiring appellant to contribute $20.00 per week towards the support of his daughter, appellee. On appeal, the following issues are submitted for our review:

A. Was it error for the court to find no estrangement between appellant father and appellee daughter when determining post-secondary educational support?

B. Was it error for the court to determine that the case of *Bedford v. Bedford*, [386 Pa.Super. 349, 563 A.2d 102 (1989)] was "erroneous and ridiculous" and ther[e]fore not applicable?

C. Was it error for the court to accept into evidence an expense statement that was incomprehensible, untotalled, and which did not conform to copies supplied to counsel for appellant?

D. Was it error for the court in failing to allow reasonable examination of the mother's ability to contribute to the support of the post-secondary education of appellee?

Brief of appellant at 4. For the following reasons, we affirm.

On February 13, 1989, appellee, the adopted daughter of appellant, filed a complaint in which she requested support in the amount of $150.00 per week to be used to help defray her educational expenses.[1] On April 25, 1989, on the recommendation of a Domestic Relations officer, the court dismissed appellee's complaint. After the filing of exceptions, the matter came before the trial court on September 1, 1989, at which time the court directed that the case be

1. Appellee is currently a full-time student at the Pennsylvania State University's Mont Alto campus. She had been previously receiving support from appellant by means of an earlier support order; however, the payments ceased upon her attaining the age of majority.

continued. Thereafter, on November 6, 1989, following a hearing, the court ordered appellant to pay the sum of $20.00 per week for the support of appellee plus an added $5.00 per week for arrearages. Appellant then filed the instant appeal.

It is well established that the scope of appellate review in child support cases is very narrow. The appellate court will disturb a trial court's findings only when the judge has clearly abused his or her discretion. "[A] finding of such abuse is not lightly made and must rest upon a showing of clear and convincing evidence." *Shindel v. Leedom*, 350 Pa.Super. 274, 279, 504 A.2d 353, 355–56 (1986) (citations omitted). What constitutes an abuse of discretion is also well settled. It is not " 'merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' " *Fee v. Fee*, 344 Pa.Super. 276, 496 A.2d 793, 794 (1985) (citation omitted). The scope of review in such cases is not altered by the fact that the order is for college support as opposed to support for a minor child. *See Bedford v. Bedford*, 386 Pa.Super. 349, 563 A.2d 102, 104 (1989); *Leonard v. Leonard*, 353 Pa.Super. 604, 608, 510 A.2d 827, 829 (1986); *Commonwealth ex rel. Larsen v. Larsen*, 211 Pa.Super. 30, 234 A.2d 18 (1967).

*Pharoah v. Lapes*, 391 Pa.Super. 585, 589–590, 571 A.2d 1070, 1072–1073 (1990).

It is a long-standing position in this Commonwealth that a parent has a duty to support a child attending college if the child possesses the desire and ability to successfully pursue post-secondary education and if such support does not amount to an undue hardship on the parent. *See Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963). Recently, however, this Court has added another factor to be considered where appropriate. In *Milne v. Milne*, 383 Pa.Super. 177, 556

A.2d 854 (1989) (en banc), we held that, in addition to the other factors, parents do not have a duty to support college-age children if those children willfully estrange themselves from their parents. The concept of willful estrangement is similar to that of "fault" in spousal support and alimony. *Milne, supra,* 383 Pa.Superior Ct. at 189–91, 556 A.2d at 861. In defining the same, a panel of this Court remarked:

> Estrangement between a parent and child will only relieve or lessen a parent's duty to pay support towards a child's college education when that parent has made a concerted and good faith effort to establish and develop a relationship with his or her child, and the child has unquestionably and willfully rejected the parent's outstretched hand.

*Bedford v. Bedford,* 386 Pa.Super. 349, 358, 563 A.2d 102, 106 (1989).

With the above principles in mind, we turn to appellant's claims. Appellant initially contends that the trial court erred in concluding that appellee has not estranged herself from a relationship with her father. We disagree. Our examination of the record indicates no evidence of estrangement which would relieve appellant of his duty of support. Appellant points to a lack of communication for a period of approximately two years on the part of appellee towards him and the fact that she continues to use her former, rather than adopted name. These facts, even if true, do not warrant a finding of willful estrangement especially where, as here, nothing in the record indicates any action on the part of appellant to establish a relationship prior to appellee's filing of her complaint for support. Moreover, as the trial court noted, since the filing of this action, the parties have begun communicating and appellee's use of her former name, which she indicated was out of force of habit, has ceased. Accordingly, the court did not abuse its discretion in finding no willful estrangement on the part of appellee. Therefore, this claim must fail.

Appellant next argues that the court erred in finding our recent panel decision of *Bedford v. Bedford, supra,* inappli-

cable to the case at bar. This argument is totally without merit. In *Bedford,* among other things, we held that it was error for the trial court to fashion an award of support for a son's college expenses where nothing in the record indicated whether the court considered the father's expenses. Here, as in *Bedford,* we have a situation where the father claims he cannot provide support for his child's education due to the fact that his reasonable expenses exceed his income. Unlike *Bedford,* however, the trial court did examine appellant's expenses and found some to be unreasonable. Appellant claims that these findings were erroneous as his counsel was not permitted to provide further testimony regarding the expenses. Our review of the record, however, reveals no request on the part of counsel to be allowed to provide such testimony. For both reasons, then, this claim is rejected.

██  Third, appellant contends that the court erred in admitting into evidence an incomprehensible expense statement which did not conform to copies supplied to appellant's counsel. This contention is likewise meritless. There was extensive testimony by appellee concerning her expenses, with counsel for appellant, counsel for appellee, and the court all taking turns at examining the witness. Though the expense statement may indeed have been confusing as submitted, the court took the time to explain to counsel for appellant the amounts it was taking into consideration and how they were computed. Counsel for appellant was given every opportunity to examine the witness regarding these amounts and, in fact, did so. Accordingly, appellant cannot now be heard to complain.

██  Finally, appellant argues that he should have been granted leave of court to further examine appellee's mother's ability to contribute towards the educational expenses of her daughter. This claim of error centers around the allegation that the mother is in possession of certain income-producing marital assets which could be used towards appellee's post-secondary education. Again, appellant was provided an opportunity to examine the mother on this issue

and did so extensively. As a result of this examination, it was learned that these assets no longer existed. No attempt was made by appellant to offer any testimony to rebut this assertion although he was certainly free to do so. Moreover, testimony was introduced concerning the mother's income and her efforts in contributing towards appellee's educational expenses. From this testimony it was learned that the mother, though earning considerably less than appellant, feeds and houses appellee during holidays and summer vacations when school is not in session. The trial court found this support appropriate under the circumstances and we agree. Accordingly, we see no reason why leave of court should have been granted to further delve into this issue.

Order affirmed.