597 A.2d 643

Deborah O'CONNELL n/k/a, Deborah Hecker

v.

Daniel H. O'CONNELL, Appellant

Superior Court of Pennsylvania.

Argued July 31, 1991.

Filed Sept. 24, 1991.

28

James C. Sommar, Lansdale, for appellant.

Joel Cardis, Lansdale, for appellee.

Before MONTEMURO, TAMILIA and BROSKY, JJ.

TAMILIA, Judge:

Daniel H. O'Connell appeals from the August 2, 1990 Order directing him to continue paying child support for his minor son, Sean, and to contribute toward the college expenses of his daughter, Sarah.

The appellant and the appellee, Deborah O'Connell n/k/a Hecker, were married in May, 1969, and divorced in April, 1987. Two children were born of the marriage, Sarah, born February 21, 1972, and Sean, born January 15, 1976. Pursuant to an Order of support dated May 22, 1987, appellant was directed to pay $85 per week per child. On March 27, 1990, appellee filed a petition to increase support citing as reasons Sarah's imminent entrance into college and the general increased expenses incurred in raising two teenage children. Appellant responded by filing a petition to decrease child support in light of the fact Sarah had reached age 18. A hearing was held and the Master recommended the appellant pay $160 per week support for Sean and 70 per cent of Sarah's tuition, room and board, fees and direct college expenses. The Master's recommendation was approved by Order of court dated July 6, 1990, and appellant's

exceptions were denied. After a hearing de novo, an Order was entered August 2, 1990, which stated, *inter alia:* 1) appellant's defense of estrangement was inapplicable; 2) Sarah was entitled to support for college; 3) appellee was to receive $160 per week child support for Sean; and 4) wife was awarded $7,500 attorneys' fees as reimbursement for appellant's spurious suits opposing support and alleging fraudulent concealment of earnings/assets.

Appellant argues the trial court abused its discretion with regard to four issues: 1) failing to consider estrangement as a factor in awarding support for college expenses; 2) imposing an obligation for the payment of 70 per cent of Sarah's college expenses; 3) failing to properly apply the Pennsylvania Support Guidelines and those set forth in *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984); and 4) awarding attorneys' fees.

 The scope of appellate review in child support cases is very narrow and a trial court's findings will be disturbed only where the judge has clearly abused his discretion. *Fager v. Fatta,* 395 Pa.Super. 152, 576 A.2d 1089 (1990). A finding of such abuse is not made lightly and rests upon a showing of clear and convincing evidence. *Shindel v. Leedom,* 350 Pa.Super. 274, 504 A.2d 353 (1986).

 Appellant argues his daughter willfully estranged herself from him and is not, therefore, entitled to his monetary support while in college. We disagree. It has long been the position of this Commonwealth that parents have a duty to support a child pursuing post-secondary education if the child has the desire and ability and such support is not an undue hardship. *See Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963). Recently, however, this Court has found such a duty does not exist if the child willfully estranges himself from his parents. *Milne v. Milne,* 383 Pa.Super. 177, 556 A.2d 854 (1989) (en banc), *alloc. denied,* 524 Pa. 598, 568 A.2d 1248 (1989).

Estrangement between a parent and child will only relieve or lessen a parent's duty to pay support towards a child's college education when that parent has made a concerted and good faith effort to establish and develop a relationship with his or her child, and the child has unquestionably and willfully rejected the parent's outstretched hand.

*Bedford v. Bedford,* 386 Pa.Super. 349, 357, 563 A.2d 102, 106 (1989).

When her parents separated, Sarah was not quite fifteen years of age. The record indicates that at this very painful and confusing time in Sarah's life she was unable to accept the fact her father was in love with another woman and, therefore, reacted in a manner not unusual for a child of fourteen. Unfortunately for Sarah, appellant's actions were then and continue to be equally immature. The record is replete with evidence demonstrating appellant's lack of compassion and total disdain for Sarah and her brother to whom he refers as "disinherited mistakes" and "the defendant's children." Appellant's degradation of Sarah, characterizing her demonstrated artistic talent as "Sarah's mediocre ability to draw," and describing her personality as "listless and drug-laden," is not indicative of a parent's concerted and good faith effort to develop a relationship with one's daughter. *See Bedford, supra.* To the contrary, we find appellant's adolescent behavior reprehensible. The defense of estrangement is not available to the appellant and his appeal related thereto is without merit.

Next, appellant argues considering the amount of Sarah's projected college expenses and his income, the imposition of an obligation to pay 70 per cent of the expenses constitutes an unreasonable *pro rata* sharing of the costs and places on him an undue hardship. Appellant also contends the court erred by failing to consider Sarah's income from her summer job.

The amount of a support Order is largely within the discretion of the trial court whose judgment should not be disturbed absent an abuse of discretion. *Melzer, supra;*

*Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989), *alloc. denied,* 524 Pa. 621, 571 A.2d 383 (1989). The determination of the parties' respective net incomes is governed by Pa.R.C.P. 1910.16–5(b) unless their combined net income exceeds $8,000 at which point the support shall be determined by case law. *See* Pa.R.C.P. 1910.16–5(d).

■ Appellant's attempt to reduce his monthly net income and his respective obligation to Sarah is evidenced by his creative tax return. In 1989, appellant's reported income was $81,971. Federal income tax was withheld totalling $20,098, $17,478 of which was returned to appellant by refund (net deduction of $2,620). Appellant's attempt to give this refund to his wife and eliminate it from the court's consideration is a sham. Also shown as a deduction was a $12,950 charitable contribution. As appellee stated, appellant should be reminded "charity begins at home." (Appellee's brief at p. 16.) Finally, in addition to his full-time employment as general counsel for Spring House Corporation, appellant is also general counsel for the nonprofit organization, Lamb Foundation, established by his second wife, Mengel. Appellant purchased the property where Lamb Foundation is located and transferred it to Mengel yet continues to enjoy personal tax deductions and other amenities related to the Foundation. When convenient, appellant claims as his own the expenses incurred for his present home and the Lamb Foundation, while in the next breath argues the expenses incurred by his second wife and her three children and one step-child are borne solely by Mengel. (N.T., 7/30/90, p. 54; Plaintiff's Exhibit No. 1.) The court correctly calculated appellant's net income to be $1,560 per week or $6,760 a month and the appellee's net income to be $651.96 per week or $2,825.16 a month for combined total of $9,585.16.

Sarah was fortunate to matriculate to Carnegie Mellon, a prestigious college known for its excellence in the fields of science and fine arts. In light of the mathematical certainty appellant's net monthly income represents 70.5 per cent of the parties' total net monthly income, and the fact the

court did consider Sarah's obligation to contribute to her own support via loans, grants, scholarships and work study programs, we find it was not an abuse of discretion for the court to find appellant responsible for 70 per cent of the college expenses incurred while Sarah attends Carnegie Mellon.

Appellant argues the $160 per week child support award for Sean was improper because the trial court, in arriving at this amount, failed to follow either the Pennsylvania child support guidelines or the *Melzer* formula. Our standard of review on this issue remains abuse of discretion. *See Melzer* and *Griffin, supra.*

■ While conceding the support guidelines are inapplicable here because the parties' net income exceeds $8,000, appellant argues the trial court could have extrapolated and applied to this situation the formula provided in the guidelines for parties whose income is less than $8,000. Appellant's argument based on what the trial court could have done cannot sustain an abuse of discretion standard and will not be speculated upon by this Court.

■ Appellant's arguments, the court failed to make findings with respect to Sean's needs in accord with the *Melzer* formula and the Order directing appellant to pay $160 weekly places on him an undue hardship, were not issues preserved for appeal and will not be addressed by this Court. *See Hreha v. Benscoter,* 381 Pa.Super. 556, 554 A.2d 525 (1989), *alloc. denied,* 524 Pa. 608, 569 A.2d 1367 (1989) (only issues specifically raised in post-verdict motions will be preserved for appeal and can be considered, and those issues raised for the first time in appellate briefs in support of those issues may not be considered). Accordingly, appellant's arguments attacking the Order directing him to pay $160 per week for Sean are without merit.

■ Lastly, appellant argues the award of attorneys' fees to the appellee was improper and unsupported by the evidence. Specifically, appellant avers attorneys' fees are not authorized by law in child support cases and in support

thereof cites *Dena Lynn F. v. Harvey H.F.*, 278 Pa.Super. 95, 419 A.2d 1374 (1980).[1] While we find appellant's reliance is not fully justified, the holding in *Dena Lynn F.* being limited to the peculiar facts of that case, we reverse that portion of the trial court's Order awarding counsel fees.

■ It is well settled this Court will not reverse the trial court on its decision to award counsel fees absent an abuse of discretion. *Wayda v. Wayda*, 395 Pa.Super. 94, 576 A.2d 1060 (1990). Although there is no specific statutory authorization for the imposition of attorneys' fees in support cases, neither is there specific statutory prohibition of such awards when sanctions in the nature of counsel fees may be imposed for inappropriate behavior. Reasonable attorneys' fees are provided by statute to:

. . . .

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

1. In its Opinion (Slip Op., Salus, J., 11/25/90, p. **Costs and fees,** which provides:

> . . . .
>
> **(b) Lack of good cause for failure to pay on time.**—If the court determines that the person subject to a child support order did not have good cause for failing to make child support payments on time, it may further assess costs and reasonable attorney fees incurred by the party seeking to enforce the order.
>
> This section permits recovery of counsel fees *only* when there has been a willful failure to pay on an existing **Order.** This is not to be confused with 23 Pa.C.S. § 3702, **Alimony pendente** lite, **counsel fees and expenses,** which allows an award of counsel fees during the pendency of divorce and alimony proceedings.

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503.

Unlike the facts in *Dena Lynn F.*, the award of attorneys' fees in this matter is not alleged to be the result of costs generally incurred in bringing a lawsuit for support. Rather the $7,500 award was imposed because throughout this spurious litigation appellant assumed a posture with "... very little legal substance and no legitimate proof in pursuing actions that the Court views as vexatious and recrimatory." (Finding of Fact No. 9, 8-2-90). The court found appellant, as an attorney acting pro se, consistently exhibited his "litigiousness, vexatiousness and willingness to cause expenses to his former wife when she is seeking for her children only what is their logical entitlement." *Id.*

Although at several times during these proceedings the court voiced its disdain for the manner in which appellant has treated his ex-wife and his children, and bearing in mind we are not contesting the court's authority to impose attorneys' fees, we must reverse this portion of the August 2, 1990 Order as, despite the court's obvious anger toward appellant and some of his actions, the record does not support the stringent requirement that appellant's behavior was dilatory, obdurate or vexatious during the pendency of this matter or that the action was arbitrary or in bad faith. Such findings are necessary to sustain the court's award of counsel fees. Admittedly, appellant was antagonistic and pursued a vigorous defense to continuing support payments, but in the context of a bitterly contested support matter, we cannot conclude his behavior was such as to permit an award of counsel fees. When there is an arguable basis or change of circumstance which the law will recognize as a ground for petitioning to modify an existing support Order, the trial court may not award counsel fees against the party pursuing that remedy. The facts that the

court had to review the status of the parties to apportion the payment of college expenses and the issue of estrangement required judicial review to be resolved establishes the petition to modify was not totally without merit. The award of counsel fees under these circumstances would have a chilling effect on legitimate pursual of court action when the law requires free and open access to the courts.

Based on the foregoing facts and reasoning, we affirm the Order of August 2, 1990 in its entirety with the exception of the award for counsel fees which we vacate.

Order affirmed in part and vacated in part.

Jurisdiction relinquished.