617 A.2d 1308

**Carole A. TRUNKWALTER, Appellant,**

v.

**Joseph TRUNKWALTER, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1992.

Filed Dec. 17, 1992.

Craig A. Smith, Newton, for appellant.

Joseph T. Simon, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and KELLY, JJ.

CAVANAUGH, Judge:

Carole A. Trunkwalter appeals from an order of the Bucks County Court which terminated a support order in favor of the party's son, Stephen, effective as of his eighteenth birthday. The basis for this termination order was "estrangement". The parties divorced in 1985 and, thereafter, executed property settlement agreements including an agreement by Husband as follows:

"Husband agrees that should his child(ren) qualify for formal education or vocational training beyond high school, he shall pay, if financially able, the costs and expenses for his (child)ren so that they may obtain such further education or training."

It is agreed that father is financially able to afford the cost of Stephen's post-high school education, and the trial court found, on sufficient evidence, that Stephen has the desire and ability to pursue post-secondary education. Thus, the issue focuses on the propriety of the court's determination that father was excused from his duty of support on the basis of son's estrangement from his father.

We must first observe that the imposition of post-high school support obligations has now been eliminated. On November 13, 1992 our supreme court in *Blue v. Blue*, 616 A.2d 628 (Pa.1992) decided that there is no longer any judicially imposed requirement that a parent provide educational support for a child no longer considered a minor and who has completed high school. Thus, estrangement or not, there is no duty in a case such as presently before us to provide educational support. Crucial to the *Blue* decision is the supreme court's statement that its only previous articulation on the subject (of higher educational support) was that set forth in *Emrick v. Emrick*, 445 Pa. 428, 284 A.2d 682 (1971). The *Blue* court, which did not overrule *Emrick*, pointed out that in that case the father's higher education support obligation grew out of an *agreement* with the mother. In declining to adopt a judicially imposed legal duty to require educational support,

we can only assume that the court meant to preserve the *Emrick* rule that an agreement to assume the duty to provide educational support is enforceable at law. This leaves us with the question of whether estrangement by the child is sufficient to set aside an *agreement* to provide educational support. In a similar situation, a panel of this court recently opined:

Since Father agreed, in writing, to pay Elizabeth's college expenses, the trial court did not judicially impose an obligation on Father. Rather, the court merely enforced an obligation that Father has already assumed. The agreement specifically imposes Father's obligation and is enforceable as written. The agreement is between Mother and Father. Elizabeth is a third-party beneficiary. As we cannot presume to know what concessions were made in the formation of the separation agreement, or what rights Mother may have relinquished in return for Father's promise to pay college expenses, we will not look beyond the written agreement. If the parties had intended Father's obligation to provide college support to be contingent on a continuing relationship with Elizabeth, the qualifier presumably would have been included in the agreement. Accordingly, whether Father and Elizabeth were estranged does not affect Father's duty under the agreement with Mother.

*Cook v. Covey,* 415 Pa.Super. 353, 358, 609 A.2d 560, 563 (1992).

We conclude that the trial court erred when it failed to find father's agreement to support enforceable, see *Emrick* and *Blue,* even in the face of evidence of estrangement on the part of the child, see *Cook.*

Termination order vacated. Remanded for further proceedings. Jurisdiction is relinquished.