633 A.2d 218

**Ronald KELLY,**

v.

**Diane KELLY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 4, 1993.

Filed Nov. 19, 1993.

Patricia M. Dugan, Philadelphia, for appellant.

Ronald Kelly, appellant, pro se.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

TAMILIA, Judge:

Diane Kelly, mother, appeals the February 5, 1993 Order denying her exceptions to the recommendation of the permanent hearing officer requiring her to pay $30 per week support to Ronald Kelly, father, for the care of their son, Ryan, born June 29, 1975.

Father received custody of Ryan on June 24, 1988 and, on April 12, 1991, filed a petition seeking support. On July 2,

1991, the hearing officer recommended dismissal of father's petition finding that mother, at the time of the hearing, was staying home to care for her three-year old child born of a subsequent marriage and as a nurturing parent should not be required to pay support. The recommendation was based on findings that mother had not worked since 1987, however she did work as a bank branch manager for a period of approximately five years, her gross income in 1987 being approximately $19,000. Father's exceptions to the recommendation were dismissed by the trial court on April 1, 1992. Although the trial court accepted the hearing officer's findings of fact, it held that, at some point, mother should be required to meet her responsibility to provide support for Ryan. As such, the trial court remanded the case for a new hearing to determine when mother could return to work to otherwise provide support for Ryan.

The new hearing was held on November 17, 1992, and the officer determined mother had an earning capacity of $231 per week. As such, the officer recommended mother pay $30 per week support, effective July 1, 1991. From the trial court's denial of mother's exceptions to this recommendation, she now appeals to this Court.

Mother argues the trial court erred in assigning an earning capacity to her, thereby ordering her to make support payments. She contends the nurturing parent doctrine should continue to apply and should not cease simply because her child reached the age of three. She indicates she has made several attempts to find suitable day care for her child but has been unsuccessful. Further, mother argues she was the major source of income in her prior household, and she has an extensive work history, which exhibits the fact that she is not shirking employment. However, she has been unemployed for several years and has no training other than as a bank manager. Moreover, she argues that she was able to remain home to nurture the four children from her previous marriage and should be able to do the same with her youngest child.

34

The scope of appellate review in child support cases. is very narrowly defined. *O'Connell v. O'Connell,* 409 Pa.Super. 25, 597 A.2d 643 (1991). This Court will not disturb a child support Order absent an abuse of discretion, which is not made lightly and rests upon a showing of clear and convincing evidence. *Id.* This Court has held an abuse of discretion occurs if insufficient evidence exists to sustain an award or if the trial court overrides or misapplies existing law. *Blaisure v. Blaisure,* 395 Pa.Super. 473, 577 A.2d 640 (1990). It is also well established that both parents are equally responsible for support of their children. *DeMasi v. DeMasi,* 366 Pa.Super. 19, 530 A.2d 871 (1987). In determining a parent's ability to provide support, the focus is on earning capacity rather than on the parent's actual earnings. *Akers v. Akers,* 373 Pa.Super. 1, 540 A.2d 269 (1988).

In appropriate cases, however, the earning capacity of a parent who elects to stay home with a young child need not be considered when calculating support. *Atkinson v. Atkinson,* 420 Pa.Super. 146, 616 A.2d 22 (1992). This nurturing parent doctrine excuses the parent from contributing support. When applying the doctrine, a trial court must consider "the age and maturity of the child, the availability of others who might assist the child, the availability of others who might assist the parent, the adequacy of financial resources at home, and finally, the parent's desire to stay home and nurture the child." *Hesidenz v. Carbin,* 354 Pa.Super. 610, 616, 512 A.2d 707, 710 (1986).

The trial court obviously considered this doctrine since reference was made to the child's age, however, mother contends the court chose this age as a "magical number that stops all other considerations." Rather, the trial court merely distinguished the present case from similar situations in *Hesidenz* and *Atkinson,* in which the doctrine was applied. In *Hesidenz,* the child was six months old and the mother was nursing three times per day. In *Atkinson,* the child was only eighteen months old.

 Mother further argues the trial court incorrectly affirmed the hearing officer's recommendation in light of this Court's decision in *Atkinson*. In *Atkinson*, this Court affirmed the decision of the trial court, which held that a mother who was unemployed and remained at home to care for her child from a second marriage was not required to pay child support for the child of a first marriage who was living with his father. The trial court in *Atkinson* held, in determining whether the nurturing parent doctrine should apply, the issue was not for whose child the mother was caring, but whether under the facts of the case what her earning capacity should be.

Although the family situation in *Atkinson* is quite similar to the present case, we find the legal arguments clearly distinguishable. This Court, in *Atkinson*, based its decision on the fact that mother had no work record whatsoever and, therefore, imputing earning capacity to her would simply shift the burden of supporting the wife's child of the first marriage to her second husband.

Presently, mother had a gross income of $19,000 while employed as a bank manager. According to the record, she held this position for approximately five years. In calculating her earning capacity, the hearing officer and subsequently the trial court took into account her time away from the field by attributing to her an earning capacity of $231 gross income per week, which is far less than $19,000 per year. This calculation also appears to take into account day care costs or similar expenses. Further, we find that $30 per week is not an excessive amount for the support of one's child. As such, we find sufficient evidence exists to affirm the trial court's Order.

Order affirmed.