Ronald THOMSON

v.

Constance ROSE, Appellant.

Superior Court of Pennsylvania.

Submitted June 10, 1997.
Filed July 28, 1997.

Darrell J. Arbore, Greensburg, for appellant.

W. Robert Ament, Pittsburgh, for appellee.

Before CIRILLO, President Judge Emeritus, and JOHNSON and FORD ELLIOTT, JJ.

CIRILLO, President Judge Emeritus.

This is an appeal from an order of the Court of Common Pleas of Allegheny County. We affirm.

Appellant, Constance Rose (Mother), and Appellee, Ronald Thomson (Father), were married in 1971 and divorced in 1980. Three children were born of the marriage: Brian, born on October 13, 1972; Scott, born on March 7, 1975; and Lisa, born on December 5, 1977. On July 29, 1980, Mother and Father entered into a Marriage Settlement Agreement. The Agreement provided that Father had custody of the three children and Mother was obligated to pay child support to Father as follows: $225.00 per month, reduced by one-half as each child reached 18 years of age or otherwise became emancipated. The Agreement was incorporated, not merged, into the divorce decree.

In 1988, the parties' oldest child, Brian, began residing with Mother. At that time, Mother began paying reduced payments of $100.00 per month. Mother made no payments after August of 1989. On March 7, 1993, the parties' other son, Scott, turned eighteen. In June of 1995, six months prior to the youngest child's eighteenth birthday (December 5, 1995), Father filed a *pro se* petition in civil contempt to enforce the support provisions of the Agreement. Thereafter, on August 30, 1995, the contempt hearing was continued. The parties entered into an interim consent order which was approved by the court and filed on September 7, 1995. The order required Mother to pay Father $200.00 on the 20th day of each month, and it required Mother to pay Father $4,000.00 toward arrears on or before September 9, 1995. The order stated that a determination of the support arrears and the issue of educational support would be made at a review hearing.

Mother made the $4,000.00 payment; she also made two support payments, each in the amount of $200.00. Thereafter, Mother discontinued payments. After two review hearings the hearing officer recommended arrears be set at $5,950.00. Mother filed exceptions. On September 13, 1996, the trial court dismissed the exceptions and entered the interim order as a final order.[1] Mother appeals from this order and raises one issue:

> Whether the trial court erred in denying exceptions and miscalculating arrearages owing on Mother's support obligation in light of the plain language of the Marriage Settlement Agreement.

Mother argues that the plain language of the Agreement clearly sets forth the amount and calculation method for child support.[2] Mother contends that "there is doubt that the Agreement is enforceable by the Family Division Judge as an Order of Court when there is no evidence that the Marriage Settlement Agreement was ever merged with the Divorce Decree." We disagree.

 Our scope of review in child support cases is well settled. We will not disturb a child support order absent an abuse of discretion, resting upon clear and convincing evidence. *Kelly v. Kelly*, 430 Pa.Super. 31, 32, 633 A.2d 218, 219 (1993). An abuse of

---

1. The order reads, in part:
 And now, May 18, 1996, based upon the court's determination that payee's monthly net income is $2900.00, and payor's monthly net income is $1696 YTD stub (if retirement not mandatory) [sic] it is hereby ordered that the payor pay to the Domestic Relations Section, Court of Common Pleas, ... $200.00 a month payable as follows: one half thereof on the 4th day of April and the other half thereof on the 19th day April and like and equal amounts on the 4th and 19th days of each and every month thereafter. Arrears are set at $5950.00 due PLTF. for child support, as of March 19, 1996 due in full immediately.

2. The relevant section of the Agreement provides:

 **TENTH: CHILD SUPPORT**
 Wife promises, covenants and agrees to pay the Husband, commencing with the date of this Agreement, the sum of Two Hundred Twenty-Five ($225.00) Dollars per month for the support, care and maintenance of their minor children. The child support payments shall be reduced by one-half (1/2) as each child attains the age of eighteen (18) years, marries, dies or otherwise becomes emancipated, which first occurs; ...

discretion occurs if insufficient evidence exists to sustain a support award, if the trial court overrides or misapplies existing law, or if the judgment exercised by the trial court is manifestly unreasonable. *Id.*

In *Sonder v. Sonder,* 378 Pa.Super. 474, 549 A.2d 155 (1988)(en banc), this court held that where the parties' agreement provided for support and the agreement was incorporated, but not merged, into the divorce decree, the agreement survived the divorce decree and could be enforced at law (in assumpsit) or equity (specific performance); the dispute was governed by the law of contracts. *Sonder,* 378 Pa.Super. at 487, 549 A.2d at 162. If, however, an agreement was merged into the divorce decree, it would take on "all of the attributes of support orders for purposes of modification and enforcement." *Id.* at 512, 549 A.2d at 175. *See Jones v. Jones,* 438 Pa.Super. 26, 29, 651 A.2d 157, 158 (1994); *McMahon v. McMahon,* 417 Pa.Super. 592, 612 A.2d 1360 (1992)(en banc); *Flick v. Flick,* 408 Pa.Super. 110, 113, 596 A.2d 216, 218 (1991).

The *Sonder* court noted, however, that agreements which provided for *both* property and support matters, or "hybrid" agreements, *see Sonder,* 378 Pa.Super. at 491 n. 4, 549 A.2d at 164 n. 4, were subject to court intervention. The court stated that it is "inconceivable" that such agreements would be irreversible when the interest of justice and the best interests of the child require otherwise. *Id.* at 491–95, 549 A.2d at 164–65. "*[V]isitation and custody matters* will be enforced according to the best interests of the child *and as with support [o]rders, advisory effect will be given to the agreement but without binding effect on the court* when it is not in the best interests of the child." *Id.* at 493–94, 549 A.2d at 165 (emphasis added). Parties to a separation agreement cannot bargain away the rights of the children; the interests of the child will always be subject to the watchful eyes of the court. *See Knorr v. Knorr,* 527 Pa. 83, 588 A.2d 503 (1991); *Shirley v. Javan,* 454 Pa.Super. 131, 684 A.2d 1088 (1996); *Sonder, supra.*

As a result of 1988 and 1990 amendments to the Divorce Code,[3] the enforcement provisions, remedies, and sanctions of the Divorce Code became available to parties to an agreement so long as the agreement pertains to matters within the court's jurisdiction under the Divorce Code. *See* 23 Pa.C.S.A. §§ 3101; 3105(a). The amendments expressly permit parties to enforce agreements through the remedies available in the Divorce Code; this includes the courts' enforcement powers and powers of contempt. *See* 23 Pa.C.S.A. § 3105(a); *see also* 23 Pa.C.S.A. § 3502(e)(9)("If, ... a party has failed to comply with an order of equitable distribution, as provided for in this chapter *or with the terms of an agreement* as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order: ... find the party in contempt.").

Section 3105(a) pertains to matters under Part IV of Title 23; *it is Part V that addresses child support,* specifically Chapter 43. *See* 23 Pa.C.S.A. § 4321 (Liability for support); *see also* 23 Pa.C.S.A. § 4321(3) ("Parents may be liable for the support of their children who are 18 years of age or

---

3. The following language was added:

§ 401.1 **Effect of agreement between parties.** (a) A party to an agreement regarding matters within the jurisdiction of the court under this act, **whether or not the agreement has been merged or incorporated into the decree,** may utilize a remedy or sanction set forth in this act to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

23 P.S. § 401.1(a)(emphasis added). In 1990, the legislature again amended the Divorce Code, essentially reenacting it at 23 Pa.C.S.A. § 3101 *et seq.* The language from section 401.1(a) was slightly altered, as indicated below:

§ 3105. **Effect of agreement between parties.** (a) **Enforcement.**—A party to an agreement regarding matters within the jurisdiction of the court under this *part* [referring to Part IV—Divorce, which includes Chapter 31, Preliminary Provisions, Chapter 33, Dissolution of Marital Status, Chapter 35, Property Rights, and Chapter 37, Alimony and Support], **whether or not the agreement has been merged or incorporated into the decree,** may utilize a remedy or sanction set forth in this *part* to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

23 Pa.C.S.A. § 3105(a) (emphasis added).

older."). The legislature did not extend section 3105(a) of the Divorce Code to Part V of the Domestic Relations Code, *see* 23 Pa. C.S.A. § 101, because parties' agreements pertaining to matters of child support or child custody *are always subject to court intervention.* *See Sonder,* 378 Pa.Super. at 491–95, 549 A.2d at 164–165; *see also* 23 Pa.C.S.A. § 3105(b) (provisions pertaining to custody, support or visitation are subject to modification by the court upon a showing of changed circumstances); 23 Pa.C.S.A. § 4352 (continuing jurisdiction over support orders).

Here, the parties' Agreement addresses both property and child support matters. The Agreement, like that in *Sonder,* was executed *prior to the effective date of the 1988 Amendments.*[4] The Agreement was not merged into the divorce decree. Father, therefore, could have filed an action at law or in equity on the contract, or he could have filed a separate complaint in support. Father filed a petition to enforce the Agreement by way of a civil action in contempt. Prior to any hearing on that petition, however, the parties entered into a consent order. This order, embodying the parties' modifications to the agreement, and entered into after the 1988 Amendments, was subject to the court's enforcement powers.

Section 4352(a) of the Domestic Relations Code, (Subchapter C of Chapter 43, pertaining to support matters generally) provides in part:

> The court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing modifying or rescinding the order . . .

23 Pa.C.S.A. § 4352(a). The parties, having consented to the entry of a support order, subjected themselves and the order to the continuing jurisdiction of the court of common pleas. 23 Pa.C.S.A. § 4352(a). Mother's arguments that the court was precluded from modifying the parties' Agreement with respect to child support and that the court had no power to enforce the support order are meritless. The 1988 amendments to the Divorce Code, which enlarged the trial court's intervention and enforcement powers and blurred the distinction between merged and incorporated agreements, were never intended to supplant the well established rule that the courts may always intercede on behalf of the children. Even if we were bound by the pre–1988 amendment Agreement, without modification by the parties' 1995 consent order, we note that the court's enforcement powers would not be restricted. Regardless of the obliteration of the distinctions between merger and incorporation of parties' agreements, it remains the law that matters pertaining to child support are always subject to court supervision. The law prior to the 1988 Amendments recognized the court's power to intervene on behalf of a child. *See Sonder, supra.* *See also* 23 Pa.C.S.A. § 3105(b) ("A provision of an agreement regarding child support, visitation, or custody shall be subject to modification by the court upon a showing of changed circumstances."); 23 Pa.C.S.A. § 4352 (continuing jurisdiction over support orders).

Order affirmed.

JOHNSON, J., files a concurring statement.

JOHNSON, Judge, concurring.

This appeal was submitted to our Court without argument. Father and Mother each filed cross-appeals. Father's appeal was discontinued on February 2, 1997. Mother contends that the trial court miscalculated arrearages owing on her child support obligation.

I agree with my distinguished colleagues that the standard of review in child support cases is abuse of discretion. *Ball v. Minnick,* 538 Pa. 441, 448, 648 A.2d 1192, 1196 (1994). An abuse of discretion is not merely

---

4. The presumption against retroactive application of statutes and amendments thereto is particularly strong when application would interfere with existing contractual obligations. "Where the application of a statute would make a substantive change in the rights and obligations of the parties, it is presumed that the legislature intended its provisions to have no application to contracts existing prior to the effective date of the law." *Rudolph Rosa, Inc., v. Latrobe Brewing Co.,* 347 Pa.Super. 551, 562, 500 A.2d 1194, 1200 (1985). *See Sorace v. Sorace,* 440 Pa.Super. 75, 83, 655 A.2d 125, 129 (1995).

an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. *Landis v. Landis,* 456 Pa.Super. 594, ——, 691 A.2d 939, 940 (1997). A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Id.*

The Opinion of Judge Donald E. Machen relies on the Hearing Summary of the hearing officer in determining the amount of arrearages due by Mother. After my review of the Opinion and the Hearing Summary, I am unconvinced that Mother has demonstrated any abuse of discretion by Judge Machen. The amount of support is determined by reviewing the agreement between the parties. I would decline to trace the history of the merger or incorporation of agreements into divorce decrees and the impact of the 1988 and 1990 amendments to the Divorce Code, because these issues have not been raised by Mother in her Brief.

I agree that the order of support must be affirmed since Mother has not established any abuse of discretion by the trial court.