**Kevin J. REINERT, Appellant**

v.

**Krista L. REINERT, Appellee.**

Superior Court of Pennsylvania.

Submitted March 14, 2007.

Filed June 7, 2007.

Daniel I. Sager, Pottstown, for appellant.

Bruce L. Baldwin, Pottstown, for appellee.

BEFORE: STEVENS, KLEIN, and McCAFFERY, JJ.

OPINION BY STEVENS, J.:

¶ 1 Kevin Reinert ("Father") appeals from the order entered by the Court of Common Pleas of Berks County on September 5, 2006 which, *inter alia*, suspended the support obligation of Krista Reinert ("Mother"). Herein, Father challenges the court's application of the nurturing parent doctrine in reaching its determination. We affirm.

¶ 2 Father and Mother are the parents of one child, K.A.R., who was born on March 25, 1996. Father has primary physical custody of K.A.R.

¶ 3 Mother entered a relationship and subsequently became engaged to D.M., with whom she resides. In October, 2004, she learned she was pregnant with twins. On December 7, 2004, Mother, who was working as a certified nursing assistant, was placed on leave due to complications from her high risk pregnancy and was placed on modified bed rest for the remainder of her pregnancy. Mother gave birth to twin girls on May 16, 2005, and did not return to work. She currently receives $399.00 per month in food stamps; $276.00 per month in WIC (Women, Infants, and Children) subsidies; and free medical insurance for her and her twins. N.T. 10/28/05 at 13.

¶ 4 On October 22, 2004, the court entered an order directing Mother to pay support in the amount of $282.00 per month, plus $70.00 toward arrears. Thereafter, in December, 2004, Mother filed a petition to modify the order on the basis that she stopped working for medical reasons. By order issued March 16, 2005, the court suspended Mother's support obligation from December 7, 2004 to July 16, 2005, due to medical complications with her pregnancy. The court directed that the support obligation resume at the previously order rate of $282.00 per month, effective July 17, 2005. This order was later amended to provide for support to resume on June 28, 2005.

¶ 5 Both parties filed a petition to set forth the future amount of support to be paid, and a hearing was held on October 28, 2005 and January 31, 2006. The hearing master recommended that Mother's obligation to pay child support be suspended effective December 7, 2004, with any arrears due as of that date to be paid at the rate of $50.00 per month. Father filed exceptions to the master's recommendation, which were denied by the court on September 5, 2006. The present appeal followed.[1]

---

1. Pursuant to the court's order to do so, Father filed a concise statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa.R.A.P. 1925(a).

¶ 6 Herein, Father presents the following questions for review:

A. WHETHER THE NURTURING PARENT DOCTRINE IS A LEGAL DOCTRINE TO BE APPLIED TO ANY CASE WHERE A PARENT DECIDES NOT TO WORK[?]

B. WHETHER THE TRIAL COURT SHOULD HAVE REVIEWED VARIOUS FACTORS, INCLUDING THE FACT THAT OTHERS ARE AVAILABLE TO ASSIST THE MOTHER AND THE FINANCIAL RESOURCES AVAILABLE TO HER[?]

Brief of Father at 4 (suggested answers omitted).

¶ 7 As evidenced by the foregoing, Father's first question for review is quite broad. We are in agreement with the position espoused by the trial court; namely that, in a situation such as this, "when an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." Trial Court Opinion filed 11/9/06 at 4, quoting In re Estate of Daubert, 757 A.2d 962, 963 (Pa.Super.2000). Consequently, Father's claim is waived on appeal.[2] See Lineberger v. Wyeth, 894 A.2d 141, 148–149 (Pa.Super.2006).

¶ 8 Turning to Father's second contention, he argues that the court should have attributed an earning capacity to Mother and, in accordance with that determination, should have directed Mother to pay support for their child. Father adds that, in suspending the support obligation of Mother, the court failed to consider the availability of others who might assist the children and the adequacy of financial resources in the home.

¶ 9 We review Father's claims with the following consideration:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interest.

Gibbons v. Kugle, 908 A.2d 916, 918 (Pa.Super.2006), quoting Samii v. Samii, 847 A.2d 691, 694 (Pa.Super.2004).

¶ 10 Since child support is a shared responsibility, both parents are obligated to provide support for their child in accordance with their relative incomes and ability to pay. DeWalt v. DeWalt, 365 Pa.Super. 280, 529 A.2d 508, 510 (1987). In determining a parent's ability to provide support, the focus is on earning capacity rather than on the parent's actual earn-

---

2. With regard to Father's first question for review, we briefly note that the nurturing parent doctrine is not automatically applied in all cases in which a parent opts not to work. See Depp v. Holland, 431 Pa.Super. 209, 636 A.2d 204, 207 (1994) (stating that "the 'nurturing parent doctrine' is not an absolute rule; it is but one factor to be considered by the trial court in determining whether to excuse the parent from contributing toward support").

ings. *Laws v. Laws*, 758 A.2d 1226, 1229 (Pa.Super.2000).

In appropriate cases, however, the earning capacity of a parent who elects to stay home with a young child need not be considered when calculating support. This nurturing parent doctrine excuses the parent from contributing support. When applying the doctrine, a trial court must consider 'the age and maturity of the child, the availability of others who might assist the child, the availability of others who might assist the parent, the adequacy of financial resources at home, and finally, the parent's desire to stay home and nurture the child.'

*Kelly v. Kelly*, 430 Pa.Super. 31, 633 A.2d 218, 219 (1993) (internal citations omitted).

 ¶ 11 In *Bender v. Bender*, 297 Pa.Super. 461, 444 A.2d 124 (1982), this Court held that the fact that the "nurtured" child was not the subject of the support order nor the child of the father could be considered by the court, but did not necessarily prevent the application of the nurturing parent doctrine.[3] "[I]n determining whether the nurturing parent doctrine should apply, the issue [is] not for whose child the mother [is] caring, but whether under the facts of the case what her earning capacity should be." *Kelly*, 633 A.2d at 220.

 ¶ 12 Herein, the trial court considered the facts and weighed the evidence and determined that, if Mother returned to work, she and the infant children from her new relationship actually would be in worse financial shape than they currently were in, due to the costs associated with childcare and the loss of government benefits. Therefore, the court found that the nurturing parent doctrine applied in Moth-

er's situation and, accordingly, suspended her support obligation. The evidence supports the court's determination.

¶ 13 Having reviewed the arguments and briefs of the parties, the record before us, and the court's resolution of the matter, and finding that the court considered the pertinent factors noted above, *see Id.* at 219, as well as the best interest of the children, we affirm on the basis of the well-reasoned and thorough Opinion of the Honorable Stephen B. Lieberman. *See* Trial Court Opinion dated 11/8/05 at 5–10.

¶ 14 Order Affirmed.

---

**3.** We note for future consideration, however, that the *Bender* Court did not exempt the nurturing parent from possible obligations, particularly where the "nurtured" child is not the subject of the support order at issue.