J-A28027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KEVIN ROSCIOLI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JILL ROSCIOLI, | |
| Appellee | No. 802 EDA 2016 |

Appeal from the Order February 24, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-21134, PACSES 562114721

BEFORE: PANELLA, SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 05, 2017**

This is an appeal by Kevin Roscioli ("Father") from a child support order for his three children, son K.R., age nineteen,[1] son B.R., age fifteen, and daughter S.R., age thirteen, with his wife, Jill Roscioli ("Mother"). We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] K.R. is now an emancipated adult. Any order of support does not apply to him and is moot. **See Kotzbauer v. Kotzbauer**, 937 A.2d 487, 489 (Pa. Super. 2007) ("[A]s a general rule, the duty to support a child ends when the child turns eighteen or graduates from high school."). The trial court _per curiam_ entered an order on August 15, 2016, stating that K.R. "is administratively emancipated effective June 13, 2016, the date of his high school graduation[,]" and such emancipation "does not change the amount of the monthly support obligation." Order, 8/15/16.

Mother filed a complaint in support on June 24, 2014, and the common pleas court entered an interim support order on July 24, 2014. Following an October 15, 2014 hearing before a support master ("Master"), the trial court approved the support order recommended by the Master and entered an order of support on October 20, 2014.[2] On November 24, 2014, the trial court entered an addendum to the support order by agreement of the parties. The ensuing procedural history as summarized by the trial court is as follows:

> On 3/6/2015, the parties entered into a Stipulation in Support that was entered as a Court Order by Judge R. Stephen Barrett. This Stipulation provided that the 10/20/2014 Support Order, as amended by the 11/24/2014 Support Order, shall constitute a Final Order in Support.
>
> The 10/20/14 Support Order approved the Support Master's Recommendation. The Support Master found Defendant-Mother's and Plaintiff-Father's monthly net earning capacity to be $2,448.11 and $3,190.52, respectively. The Order of 10/20/2014 directed Plaintiff-Father to pay monthly child support of $1,099.70 (this amount includes an offset of $154.81 for medical insurance). The 10/20/2014 Support Order was effective 6/24/2014.
>
> The 11/24/2014 Support Order increased Plaintiff-Father's child support obligation to $1,126.70/month.
>
> Plaintiff-Father filed a Petition for Modification of Support on 6/30/2015. On 9/17/2015, Defendant-Mother filed Support Exceptions to the Support Master's Recommendation.

---

[2] The notes of testimony from this hearing are not in the record, and this Court's attempt to obtain them was unsuccessful.

On 2/24/2016, the undersigned held a hearing regarding Defendant-Mother's Support Exceptions. At the conclusion of the hearing, the Court sustained Defendant-Mother's Support Exceptions and dismissed Plaintiff-Father's Petition to Modify Support filed on 6/30/2015 on the basis that he had failed to meet his burden of demonstrating a substantial change in circumstances from the entry of the 3/6/2015 Order to his filing the Petition to Modify on 6/30/2015.

Plaintiff-Father filed a timely appeal on 3/17/2016. By Order dated 3/24/2016, we directed Plaintiff-Father to file a Concise Statement of Matters Complained of on Appeal. Plaintiff-Father filed his Concise Statement on 4/11/2016.

Trial Court Opinion, 6/1/16, at 1–2.

In its findings of fact, the trial court noted that Father, age fifty, resides with his eighty-nine-year-old mother, and Mother resides with the children and her mother.[3] Trial Court Opinion, 6/1/16, at 2; N.T., 2/24/16, at 9. Father stopped working as a real estate agent on June 4, 2014, the date of the parties' nineteenth wedding anniversary. Trial Court Opinion, 6/1/16, at 2; N.T., 2/24/16, at 8. Due to an incident that night, a protection from abuse ("PFA") order was entered for Mother and the children against Father, and criminal charges, which included aggravated assault against a police officer, were filed against Father.[4] N.T., 2/24/16, at 11. Father claims he suffered a nervous breakdown on June 4, 2014, and his mental

---

[3] It is unclear from the record and the briefs whether Mother moved in with her mother or her grandmother.

[4] The PFA order expires on January 26, 2018. It provides that Father may not have contact with the children unless Mother gives written agreement. Trial Court Opinion, 6/1/16, at 2; N.T., 2/24/16, at 11.

condition has continued to deteriorate since that time. *Id*. at 10; Father's Brief at 10.

Father raises the following issues on appeal:

1. Did the Court below commit reversible error and abuse its discretion in sustaining [Mother's] Exceptions from the Order of Court dated September 10, 2015, based upon the recommendation of the Conference Officer in Support?

> a. Did the Trial Court abuse its discretion and commit error of law in ordering [Father] to pay Child Support in the sum of One Thousand One Hundred Twenty Six Dollars Seventy Cents ($1,126.70) per month because [Father] has no earning capacity, is unable to pay, has no known income or assets, and there is no reasonable prospect that [Father] will be able to pay in the foreseeable future as found by the Support Conference Officer, Patricia A. Coacher, Esquire[?]

> b. Did the Trial Court commit an abuse of discretion and commit an error of law in ordering [Father] to pay One Thousand One Hundred Twenty six Dollars Seventy Cents ($1,126.70) per month child support which violates the basic rule that an Order of Support must be fair and not confiscatory and must allow for the reasonable living expenses of the payor?

Father's Brief at 3.[5]

---

[5] Despite the breakdown of Father's statement of the questions, he presents his argument as a single issue in his brief, in violation of Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Therefore, we will address Father's argument in kind.

Our standard of review of a trial court's decision in a support case is well settled:

> "The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." ***R.K.J. v. S.P.K.***, 77 A.3d 33, 37 (Pa. Super. 2013). Father has an absolute duty to provide for his three children financially even if it causes hardship or requires sacrifice. ***Christianson v. Ely***, 575 Pa. 647, 838 A.2d 630, 638 (2003) (citation and internal quotations omitted) ("In a child support hearing, the main concern is for the welfare of the child. Each parent has a duty which is well nigh absolute to support his or her minor children and each may have to make sacrifices in order to meet this burden.").
>
> We review a child support order for an abuse of discretion. ***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015). "[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." ***R.K.J***., ***supra***. As this Court previously articulated, "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." ***Id***.

***E.R.L. v. C.K.L.***, 126 A.3d 1004, 1006–1007 (Pa. Super. 2015).

Furthermore:

> "Ordinarily, a party who willfully fails to obtain appropriate employment will be considered to have an income equal to the [party's] earning capacity." Pa.R.Civ.P. 1910.16-2(d)(4). The determination of a parent's ability to provide child support is based upon the parent's earning capacity rather than the parent's actual earnings. ***See Kelly v. Kelly***, 633 A.2d 218 (1993).

***Laws v. Laws***, 758 A.2d 1226, 1229 (Pa. Super. 2000).

The sole focus of Father's argument is that, although he had a substantial earning capacity in the past, particularly as of the date of

- 5 -

separation and even thereafter on October 15, 2014, the date of the Master's hearing, he has been unable to work due to his mental condition since that time. Father's Brief at 13–14. Father maintains that the Master's findings failed to discuss Father's mental and medical issues. *Id*. Pursuant to a stipulation signed by the parties, the trial court entered an order on March 6, 2015, stating that the October 20, 2014 support order, as amended on November 24, 2014, "shall constitute a Final Order in Support." Father did not appeal the March 6, 2015 order.

Father filed a counseled petition to modify support on June 30, 2015, docketed on July 23, 2015. Apparently there was an evidentiary hearing on September 9, 2015, but the notes of testimony are not in the record. There was a support hearing before the court on February 24, 2015. Those notes were added as a supplemental record. Father maintains that, as his counsel argued to the court at that hearing, there must be some relation between the support order and Father's earning capacity. Father's Brief at 15. Father claims that he should not have been limited to proving changed circumstances dating from March 6, 2015, the date he signed the stipulation of support and the court entered the concomitant order. Rather, he contends the court should have evaluated the changed circumstances before that date. Father cites **Commonwealth v. Vogelsong**, 457 A.2d 1297 (Pa. Super. 1983), in support of his claim that the court erred in failing to modify his support obligation. Father's Brief at 16.

Mother responds that because Father signed the stipulation on March 6, 2015, in light of the fact that he was not working then, the relevant date to determine changed circumstances is after March 6, 2015. Mother points out that the parties were scheduled for a support trial on her exceptions on March 9, 2015, but they agreed to settle the matter by signing the March 6, 2015 agreed-upon order; thus, the March 9, 2015 trial was cancelled. Mother's Brief at 12–13. Regarding Father's passing contention that the trial court should have assigned him zero earning capacity, based on his psychiatrist's testimony,[6] Mother maintains that the doctor's testimony actually supported the conclusion that Father's mental state had not deteriorated. Mother's Brief at 14.

The trial court held that Father did not sustain his burden of proving that his circumstances had changed. The trial court pointed out that Father was not working when he signed the stipulation and had not been working for some time preceding March 6, 2015. Thus, looking at the period beginning when he signed the stipulation onward, there has not been a change in circumstances. Specifically, the trial court stated:

> The parties voluntarily entered into the Stipulation in Support. The Notes of Testimony from 2/24/2016 reflect that Plaintiff-Father really has not worked since June, 2014, when

---

[6] The deposition testimony of Dr. Daniel Hartman is in the reproduced record but is not in the record certified to us on appeal. Although a document is in a reproduced record, if it is not in the certified record, we will not consider it. *Interest of B.S.*, 923 A.2d 517 (Pa. Super. 2007).

Defendant-Mother informed Plaintiff-Father that she was taking the parties' children and moving in with her grandmother. (N.T., 2/24/2016, pp. 32-34).

Plaintiff-Father has failed to show **any** change in circumstances from the time of the Stipulation in Support (3/6/2015) or the 10/20/2014 Order to the filing of his Petition to Modify on 6/30/2015. Just as Plaintiff-Father was not working on 10/20/2014, he was not working on 3/6/2015.

It appears that Plaintiff-Father is attempting a second bite at the apple. He did not have to enter the Stipulation in Support on 3/6/2015. He voluntarily did so. He must live with that agreement.

Plaintiff-Father has failed to meet his burden of demonstrating a material and substantial change in circumstances.

Trial Court Opinion, 6/1/16, at 5–6 (emphasis in original).

We concur with the trial court and disagree with Father's suggestion that the trial court erred in failing to hold a hearing "as to what [Father's] earning capacity was" when it entered the March 6, 2015 order by stipulation of the parties. Father's Brief at 14. The parties entered into the stipulation of support on March 6, 2015, and the court entered it as an order the same day. The stipulation provided that the October 20, 2014 support order, as amended by the November 24, 2014 support order, "shall constitute a Final Order in Support." Order, 3/6/15. The order further provides that the stipulation "resolves the pending support litigation and the hearing scheduled for March 9, 2015[,] shall be cancelled." **Id**. Mother had filed exceptions to the October 20, 2014 order, the parties were scheduled for a support trial on the exceptions on March 9, 2015, but they agreed to

- 8 -

settle the matter by signing the March 6, 2015 stipulation. Therefore, the March 9, 2015 trial was cancelled. Father did not and cannot now challenge the validity of the earning capacity he was ascribed in the October 20, 2014 order. As the trial court stated:

> Plaintiff-Father agreed to the Stipulation in Support dated 3/6/2015. He filed his Petition to Modify Support on 6/30/2015. It is incumbent upon him to prove a change of circumstances between those two dates, which he has failed to do. Plaintiff-Father was not forced to sign the Stipulation in Support. Once he signed it, he is bound by it.

Trial Court Opinion, 6/1/16, at 10.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2017