J-S36017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.A.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H.R.H. | : | No. 119 MDA 2019 |

Appeal from the Order Entered January 10, 2019
In the Court of Common Pleas of Dauphin County Domestic Relations at
No(s):  00588-DR-18,
PACSES NO. 260117077

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:                         **FILED AUGUST 15, 2019**

J.A.R. ("Father") appeals *pro se* from the order granting the petition of

H.R.H. ("Mother") and terminating the order requiring her to pay child support

to Father.  We affirm.

The trial court summarized the factual and procedural history of this

case as follows:

> The parties are the parents of two children currently nine
> and seven years of age (DOB 12/09 and 8/11).  Mother and Father
> lived together for a number of years before marrying in 2012.
> They separated in July 2014 and divorced in July 2018.  Following
> their separation, Mother exercised primary physical custody
> though most recently, commencing in July 2018, the parties
> began equally sharing physical custody of the children.
>
> On September 21, 2018, Father filed a complaint seeking
> child support from Mother.  Following a support conference and
> upon recommendation of the support officer, [the trial court]
> issued an order directing Mother [to] pay child support to Father
> of $394 per month under the Support Guidelines, plus $40 per

_____

*   Retired Senior Judge assigned to the Superior Court.

month for arrears.[1]  (See N.T. [9/21/18] 5–6)  In calculating support owed, the conference officer assigned Mother a monthly net income of $3,162 based upon her employment income.  Father was assigned an annual earning capacity of $33,000 resulting in a monthly net income of $2,232.  At the time of the [support] conference, Father was self-employed as a freelance programmer and technical copywriter making about $300 per week/$15,600 per year.  (N.T. 4)  The $33,000 annual income assigned to Father by the conference officer was based upon the entry level salary for a computer operator with the Commonwealth and factored in that Father had a prior criminal felony conviction.  (N.T. 4)

Mother filed a request for a de novo review challenging the earning capacity assigned to Father.  [The trial court] held a hearing on January 9, 2019.  At the outset, [the trial court noted] that there was little evidence presented on the record concerning Father's prior conviction, so [it took] judicial notice of his criminal file.  It reflects that Father was arrested in January 2004 on seven counts of sexual abuse of children arising from his possession of child pornography (18 Pa.C.S.A. § 6312(d)).  Father entered a guilty plea in April 2005 to one count of sexual abuse of children and the other counts were withdrawn.  He received a probationary sentence which was later revoked ultimately resulting in him serving the balance of his 1 ½ - to 3-year term [of] imprisonment at a state correctional institution.  His maximum term expired in approximately February of 2009.  Father has not had any other criminal convictions since that time.

Father, currently 46 years old, testified that he obtained a bachelor's degree in computer science in 2014.  At the time he was living in the same house with Mother and allegedly took care of the parties' children full-time for two years.  (N.T. 9–10) Father did not offer any testimony about any efforts to find employment between 2016 and 2018.  He claims he recently learned that the Commonwealth of Pennsylvania is a felony friendly employer and that in the two months prior to the de novo hearing, he submitted 26 applications with the Commonwealth.  (N.T. 8)  He has gotten a call back on one, for a management technician position with the EPA, which offered an entry level salary range between $37,000 to $60,000.  (N.T. 8)

---

[1]  The order was filed on November 19, 2018, with an effective date of September 21, 2018.  Order, 11/19/18, at 1, 2.

Father considered himself a "generalist" in the computer field with moderate experience as a programmer. (N.T. 10) He has also garnered experience as a website developer, which has provided him some income, and believed he could possibly provide entry level computer network support. (N.T. 10–11) He denied any expertise or certification as a network administrator, computer systems administrator, data base administrator or computer network architect. (N.T. 10–11) Mother disputed that Father lacks expertise as a network administrator and most of the other areas he claimed he lacked experience. (N.T. 11) The entry level salary with the Commonwealth is $41,000 for a web developer, $42,000 for a computer programmer and computer network support, and $51,000 for network system administrator. (N.T. 11–12)

At the conclusion of the testimony, [the trial court] directed that Father be held to an annual earning capacity of $45,000, not considering his felony history. (N.T. 14) The domestic relations director attending the hearing then applied Father's new income to the Support Guidelines and after accounting for credits due Mother for substantial share of custody, summer camp expenditures and medical insurance, she was found to owe Father $6.30 per month. Because the figure was *de minimis*, [the trial court] entered an order January 10, 2019 terminating/suspending the support order that had directed Mother [to] pay child support to Father. (N.T. 14–16)

Trial Court Opinion, 3/13/19, at 1–3 (footnotes omitted).

Father filed a timely notice of appeal. Both Father and the trial court complied with Pa.R.A.P. 1925. On appeal, Father presents a single question for our consideration: "Did the court abuse its discretion in assigning a higher earning capacity to Father in the amount of $45,000?" Father's Brief at 4.

Our standard of review of a trial court's decision in a support case is well settled:

"The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." ***R.K.J. v. S.P.K.***, 77 A.3d 33, 37 (Pa. Super. 2013).

- 3 -

Father has an absolute duty to provide for his [two] children financially even if it causes hardship or requires sacrifice. **Christianson v. Ely**, 575 Pa. 647, 838 A.2d 630, 638 (2003) (citation and internal quotations omitted) ("In a child support hearing, the main concern is for the welfare of the child. Each parent has a duty which is well nigh absolute to support his or her minor children and each may have to make sacrifices in order to meet this burden.").

We review a child support order for an abuse of discretion. **J.P.D. v. W.E.D.**, 114 A.3d 887, 889 (Pa. Super. 2015). "[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." **R.K.J.**, **supra**. As this Court previously articulated, "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." **Id.**

**E.R.L. v. C.K.L.**, 126 A.3d 1004, 1006–1007 (Pa. Super. 2015). Furthermore:

"[o]rdinarily, a party who willfully fails to obtain appropriate employment will be considered to have an income equal to the [party's] earning capacity." Pa.R.Civ.P. 1910.16–2(d)(4).[2] The

---

2  This provision of the Support Guidelines reads as follows:

**(d) Reduced or Fluctuating Income.**

(4) *Earning Capacity*. If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity. Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of

determination of a parent's ability to provide child support is based upon the parent's earning capacity rather than the parent's actual earnings. ***See Kelly v. Kelly***, 633 A.2d 218 ([Pa. Super.] 1993).

***Laws v. Laws***, 758 A.2d 1226, 1229 (Pa. Super. 2000). A party's age, education, training, health, work experience, earnings history, and childcare responsibilities are factors that shall be considered in determining earning capacity. ***Id.*** (citing Pa.R.C.P. 1910.16–2(d)(4)). In appropriate cases, however, the "earning capacity of a parent who elects to stay home with a young child need not be considered." ***Reinert v. Reinert***, 926 A.2d 539, 543 (Pa. Super. 2007) (citing ***Kelly***, 633 A.2d at 219).

Father attributes his low earning status between the years of 2010 and 2014 to being a stay-at-home parent, a full-time student, a convicted felon, and a registered sex offender. Father's Brief at 11–12. Father explains that, after completing his degree in 2014, he chose to focus on "expanding his self-employment" "because of his registration requirements, combined with his responsibility as primary caregiver" for his children. ***Id.*** at 12. Father acknowledges that he "began searching for jobs in his field in a more traditional mode of employment" after his registration requirements ended in September 2018. ***Id.*** at 14. He contends, however, that having to provide

---

jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. 1910.16-2(d)(4).

childcare for his children before and after school "limits his options for what he can apply to in order to maintain a commensurate level of income to what he has now." *Id.* at 16. Father also complains that the trial court considered "the felony as if it were a voluntary reduction of income." *Id.* at 16.

In response, Mother contends that Father "did not offer any testimony about any efforts to find employment between 2016 and 2018." Mother's Brief at 6. She highlights Father's testimony that he submitted twenty-six applications in the two months leading up to the *de novo* hearing and received an interview for an entry-level management technician position as evidence that "he had willfully failed to obtain or maintain employment." *Id.* According to Mother, Father's testimony, his "age, education, training, health, work experience, earnings, history, and child care responsibilities," support the trial court's finding that Father has "an annual earning capacity of $45,000, without consideration of his felony history." *Id.*

After considering the parties' testimony and the applicable law, the trial court rejected Father's assertions:

> In granting Mother's support appeal, I found that based upon the evidence, Father has willfully failed to obtain appropriate employment commensurate with his training and education. The testimony revealed that while Father obtained his computer science degree in 2014, he failed to seriously look for employment in that field until almost 2019. Even with the meager effort exhibited to date, within just two months of trying, he was able to get an interview (scheduled after the de novo hearing) for a computer-related position paying between $37,000 and $60,000. It is likely and realistic that Father—even with a felony history— would be making at least $45,000 a year by now, and possibly much more, had he made a proper effort to find employment in

the computer field soon after he obtained his degree in 2014. Instead, the record shows that while he has been hampered to a degree by his prior conviction, he has been much more hampered by his failure to look for jobs commensurate with his education level and field of study.

Trial Court Opinion, 3/13/19, at 4.

Upon review, we discern no abuse of the trial court's discretion in assigning Father an earning capacity of $45,000. At the *de novo* hearing, the domestic relations representative, Ms. Kim Robinson, explained that the conference officer held Father to an earning capacity of $33,000 based on his application for a computer operator position with the Commonwealth. N.T., 1/9/19, at 4. Mother presented unrefuted evidence of available computer-related jobs with salaries ranging from $43,000 to $65,000; she also testified, without challenge, to Father's qualifications and references and to the fact that she has "been doing most of the job research" for Father. *Id.* at 7, 12, 13. Father acknowledged that he had applied for twenty-six computer-related jobs within the previous two months and received an interview for an entry-level management technician position with a salary range of $37,000 to $60,000. *Id.* at 8–9. Since receiving his degree in 2014, Father chose not to seek traditional employment because he was caring for the children. *Id.* at 9–10. Yet, Mother had primary custody of the children until July 2018 and paid for their extracurricular activities and sixty percent of their health insurance. Father's Brief at 13; N.T., 1/9/19, at 3–4, 6. Father also chose not to seek traditional employment until after his registration requirements ended

because employers were not "felon friendly." N.T., 1/9/19, at 9, 14. As the trial court observed, the felony "is his fault," yet Father used his conviction as an excuse for not seeking traditional employment in the computer field. *Id.* at 14.

Reiterating that Father has an absolute duty to provide for his children, we discern no error of judgment, no overriding or misapplication of the law, no manifestly unreasonable exercise of judgment, no partiality, prejudice, bias or ill will in the trial court's terminating Mother's support order based on Father's earning capacity. *E.R.L.*, 126 A.3d at 1007. Thus, Father is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/15/2019