**Julia M. LLOYD, Appellee,**

v.

**Charles Joseph LLOYD, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 2005.
Filed Dec. 20, 2005.

Andrew B. Brown, York, for appellee.

John F. King, Harrisburg, for appellant.

Before: FORD ELLIOTT, STEVENS, JJ., and McEWEN, P.J.E.

OPINION PER CURIAM:

¶ 1 Appellant, Charles Joseph Lloyd ("father"), has taken this appeal from the order which denied his petition to modify a 1998 custody order by granting him primary physical custody of his two minor children. We affirm.

¶ 2 The parties, married in 1991 and divorced in 1999,[1] are the parents of a son, born December 29, 1992, and a daughter, born July 13, 1995, who have been in the primary physical custody of appellee, Julia M. Lloyd ("mother"), pursuant to a consent order since 1998. On July 8, 2004, father filed a petition for modification alleging that there were unsuitable living

---

1. *See:* N.T. February 7, 2005, p. 293.

conditions in mother's house and that mother's male companion, who resides with her, was verbally and physically abusive towards the children.

¶ 3 Father retained Arnold Sheinvold, Ph.D., to perform a custody evaluation and listed Dr. Sheinvold as an expert witness in his September 22, 2004, pre-trial memorandum. Mother did not list an expert in her September 23, 2004, pre-trial memorandum, but indicated that she would call "[a]ll witnesses identified by plaintiff as of cross." Mother attended the evaluation appointments with Dr. Sheinvold and made the children available as well.

¶ 4 The distinguished Judge Richard K. Renn, on September 30, 2004, entered an Order Scheduling Custody Trial, which
- listed Dr. Sheinvold as an expert witness for father,
- directed the parties to "comply with Pa.R.C.P.1915.8, which requires that experts' reports ... must be served upon the court, through the prothonotary, and the opposing party at least thirty (30) days prior to the first day of the custody trial term," and
- scheduled the trial for the January, 2005 custody trial term, which was set to begin on January 10, 2005.

The trial court, however, on December 27, 2004, continued the case.

¶ 5 On January 19, 2005, mother, after learning through counsel that father did not intend to utilize Dr. Sheinvold's report and testimony at the trial now scheduled for February 7, 2005, filed a petition for special relief, which requested the trial court (1) to order production of the custody evaluation report, and (2) to waive the thirty-day notice requirement of Rule 1915.8. Judge Renn, by opinion and order filed February 3, 2005, granted mother's petition for special relief, and permitted "[d]iscovery of detailed written reports, all findings, results of all tests made, diagnoses and conclusions of Dr. Sheinvold."

¶ 6 The following day, February 4, 2005, mother's counsel, having received Dr. Sheinvold's report, filed an amended pre-trial memorandum, indicating that mother intended to call Dr. Sheinvold as an expert witness at trial, and also filed a *Praecipe* to Enter Expert Report, specifically, the attached report of Dr. Sheinvold. That same day, mother's counsel, by facsimile, sent copies of the amended memorandum and *praecipe* to counsel for father.

¶ 7 On Monday, February 7, 2005, on the date scheduled for trial but prior to the commencement of trial proceeding, father filed a motion *in limine* to preclude the testimony of Dr. Sheinvold on the grounds that mother's February 4, 2005, notification of her intent to call Dr. Sheinvold failed to comply with Judge Renn's September 30, 2004, Order Scheduling Custody Trial, which required expert reports to be served upon the court and opposing party at least thirty days prior to trial. On that same date, the eminent Judge John W. Thompson, Jr., before whom the case was to be tried, denied the motion and the case proceeded to trial. The report of Dr. Sheinvold was admitted into evidence, and Dr. Sheinvold testified as mother's expert. At the conclusion of the trial on February 9, 2005, Judge Thompson denied father's petition for modification and this appeal followed.

¶ 8 Father in this appeal challenges both (1) Judge Renn's pre-trial ruling dated February 3, 2005, which granted mother's petition for special relief and permitted discovery of Dr. Sheinvold's report, and (2) Judge Thompson's pre-trial ruling dated February 7, 2005, which denied father's motion *in limine* to preclude the testimony of Dr. Sheinvold. We will address the orders chronologically.

■ ¶ 9 Father first contends that the trial court's order granting mother's petition for special relief and allowing discov-

ery of the report of the expert whom he hired is contrary to Pa.R.C.P. 4003.5(a)(3), which provides:

> A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except a medical expert as provided in Rule 4010(b) or except on order of court as to any other expert upon a showing of exceptional circumstances under which it is impractical for the parties seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate.

Pa.R.C.P. 4003.5(a)(3). We disagree.

¶ 10 It merits emphasis that father, in his pre-trial memorandum, indicated that Dr. Sheinvold was the expert whom he intended to present at trial. Accordingly, Rule 4003.5(a)(3), which concerns experts not expected to be called to testify at trial, would appear to have no application.[2] Nevertheless, father maintains that since he did not file an expert report, Dr. Sheinvold must be regarded as an expert "who is not expected to be called as a witness at trial," and therefore the requested discovery is barred by Rule 4003.5(a)(3). This

argument is not dispositive, however, since even if Rule 4003.5(a)(3) applies, Dr. Sheinvold falls within its exception for "a medical expert as provided in Rule 4010(b)."[3]

¶ 11 Rule 4010, "Physical and Mental Examination of Persons," defines an examiner as "a licensed physician, licensed dentist or licensed psychologist." Pa.R.C.P. 4010(a)(1). Dr. Sheinvold is a licensed psychologist. N.T. February 7–9, 2005, pp. 355–356. Mother submitted herself and her children to the custody evaluation performed by Dr. Sheinvold. Thus, discovery of Dr. Sheinvold's report is permitted under the exception to the Rule.

¶ 12 Father argues that the exception does not apply because: (1) the mental or physical condition of a party was not in controversy in this matter, and (2) the court did not order the evaluation. Appellant's Brief at p. 11. We are not persuaded by either argument.

¶ 13 It bears remarking that father, in his conciliation conference memorandum, answered affirmatively the questions: "Do you plan to raise emotional or psychological problems of the children or others involved?" and "Do you request psychological evaluations?". Indeed, the trial court, in its Order Scheduling Custody Trial, listed Dr. Sheinvold as an "[e]xpert witness[ ] to be presented" and referenced Rule

---

**2.** As Judge Renn aptly stated:

> [T]he general provisions of Rule 4003.5 provide for discovery of the identity of an expert and facts known and opinions held by that expert who is *expected to be called as a witness* at trial. Father noted in his pretrial memorandum, quite emphatically, we might add, that he intended to call his expert as a witness at trial. He placed mother on notice of that intention, and mother relied on that in foregoing her own expert. We noted Dr. Sheinvold as an expert in our pre-trial order.
>
> We conclude, therefore, that listing Dr. Sheinvold as an expert "witness" consti-

tutes an expectation that the witness will be used at trial, and accordingly, the limitation on discovery imposed by Rule 4003.5 is not applicable, and discovery of "facts known and opinions held" by the expert is permitted.

Slip Opinion, Renn, J., February 3, 2005, pp. 5–6.

**3.** Rule 4010(b) gives a party who is ordered by the court to submit to a physical or mental examination the right to receive the examiner's report, including the results of all tests made, diagnoses and conclusions. Pa.R.C.P. 4010(b)(1).

1915.8, which applies to expert reports concerning "physical and mental examinations of person." Furthermore, we agree with the trial judge that:

> [A]n expert in a child custody case, regardless of who "hires" the expert, is very similar to an "independent" medical examiner which is the subject of Pa. R.C.P. 4010. That rule defines an "examiner" as "a licensed physician . . . or licensed psychologist.". . .
>
> [A]n expert, whether hired by a particular party or appointed by the court in custody litigation, is an expert subject to Rule 4010, and as such, materials including a "detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions," are discoverable by a party as provided in that rule . . . regardless of the status of the expert as a witness at trial.

Slip Opinion, Renn, J., February 3, 2005, p. 8. Accordingly, we reject father's claim that Judge Renn erred in permitting discovery of Dr. Sheinvold's report.

¶ 14 Nor do we find merit in the contention of father that Judge Thompson erred in denying his motion *in limine* to preclude the testimony of Dr. Sheinvold. Father argues that mother's amended pretrial memorandum and *praecipe* to enter expert report, filed on February 4, 2005, less than two business days prior to the commencement of the start of the custody trial term, (1) violated Judge Renn's September 30, 2004, Order Scheduling Custody Trial, (2) violated Pa.R.C.P.1915.8, which requires expert reports to be served upon the court and opposing counsel thirty days prior to the commencement of the trial, and (3) violated York County Local Rule 212(c)(6)("Counsel are also expected to comply with any other dictates of the court as found in the pretrial order.").[4] We find that this argument presents no basis to disturb this ruling.

¶ 15 Since Judge Thompson has so ably and perceptively rejected father's argument, it would be purposeless for this Court to elaborate upon that discussion, and we but reiterate the relevant portion of his well-reasoned opinion:

> In the context of being charged with the responsibility in custody cases to assure a complete record, this Judge's view is simplistic. Father made a determination to subject his children and his former wife to scrutiny and testing by his selected expert. Mother attended all sessions necessary to complete the report as well as making the children available. In his pre-trial memorandum submitted back in September 2004 father demanded a custody evaluation and home study as "necessary to make a determination as to the best interest of the children." Upon receipt of the report father determined not to call Dr. Sheinvold and notified opposing counsel the expert's report would not be filed with the court, nor the expert called at trial. This Judge views father's decision to withhold information [of] the expert, an expert employed specifically for trial, as depriving the court of significant, relevant and pertinent information bearing on the ultimate issue of custody, to wit, what is the best interest of the child or children.
>
> Thus, our analysis is direct and simpl[e]. Hire an expert custody evaluator and

---

4. Father also argues that he was substantially prejudiced since he was unable to prepare an adequate and complete defense and was unable to effectively cross-examine or rebut the testimony of Dr. Sheinvold. This argument, however, must be summarily rejected since father had earlier received the report from Dr. Sheivold, and furthermore, father indicated to the trial court, through his attorney, that "he would rather move forward with the trial" than "delay[ ] this for another month." N.T. February 7, 2005, p. 22.

such opinion evidence will be made known to the court. To do otherwise would be a disservice to the child or children. This is not to say such evidence will be automatically accepted by the factfinder. It is to say, knowing such evidence exists and to shield such from disclosure presents a less than full and complete record. We literally can conceive of no circumstance where non-disclosure benefits the child.

In our view all the pre-trial disclosure/discovery rules and procedures address or control how counsel (the parties) conduct pretrial matters vis-à-vis each other. We have no particular quarrel with using "the rules" to compel a party to participate in a custody evaluation even to the point of involving the children and even when there is not one indicia of any "non normal" behavior by parent or child. Once the effort is made and the information/opinion compiled however, we take a dim view of attempting to manipulate "the rules" to hide the information obtained from the court. Simply put such should not be allowed to occur.

Slip Opinion, Thompson, Jr., J., April 19, 2005, pp. 2–4. Accordingly, as we agree with this analysis, we reject the claim of father that the trial court erred in denying his motion *in limine*.

¶ 16 Having considered the contentions presented by father, and having found them to be without merit, we affirm the order of the trial court which denied father's petition for modification.

¶ 17 Order affirmed.