J-A14010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.R.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.G.G. | : | No. 2186 MDA 2015 |

Appeal from the Order Entered November 16, 2015 in
the Court of Common Pleas of York County Civil
Division at No(s): 2013-FC-001675-03

BEFORE: BOWES, OTT, PLATT*, JJ.

MEMORANDUM BY BOWES, J.:                                    **FILED JULY 21, 2016**

Appellant, J.R.B. ("Father"), appeals from the November 16, 2015 custody order granting him primary physical custody during the school year, partial physical custody during the summer, and shared legal custody with respect to the male children, B.B., born in January 2006, and A.B., born in November 2009. Upon careful review, we affirm.

We summarize the relevant factual and procedural history as follows. B.B. and A.B. were born during the marriage of Father and D.G.G. ("Mother"). Upon separating in May or June of 2014, Mother relocated to Sparks, Maryland. N.T., 10/21/15, at 13-14; Stipulation of Facts, at 1. Father remained in the marital home in Jacobus, Pennsylvania, a driving distance from Mother's home of approximately thirty-five minutes.

*Retired Senior Judge assigned to the Superior Court.

Stipulation of Facts, at 1, 3 (unpaginated). The parties agreed, without court intervention, to share physical custody equally, on a schedule of three days one week and four days the following week. N.T., 10/21/15, at 13, 47; Stipulation of Facts, at 2 (unpaginated). In addition, the parties agreed that B.B. would attend elementary school in the Dallastown School District, where Father resides, and A.B. would attend the Goddard School in Sparks, Maryland. Stipulation of Facts, at 2 (unpaginated).

On June 10, 2015, Mother filed a custody complaint. Father filed a counterclaim on July 25, 2015. Following a conciliation conference, by *interim* order dated August 4, 2015, the trial court granted the parties shared legal custody, Father primary physical custody during the school year, and Mother partial physical custody three weekends per month. The court granted the parties shared physical custody on an alternating weekly basis during the summer.

On October 13, 2015, Mother filed a petition for contempt, wherein she asserted that Father unilaterally enrolled B.B. in a basketball league in Dallastown, Pennsylvania, which held two games every weekend. Petition for Contempt, 10/13/15, at ¶ 6. Father filed an answer and counter petition for contempt on October 20, 2015, wherein he asserted, *inter alia*, that Mother unilaterally enrolled B.B. and A.B. in rock climbing in Maryland during her custodial periods. Answer and Counter Petition, 10/20/15 at ¶ 21.

The trial court held a hearing on the custody and contempt matters on October 21, 2015. By that date, B.B. and A.B. attended separate schools in

the Dallastown School District. Stipulation of Facts, at 1-2 (unpaginated). B.B. was in the fourth grade. *Id.* A.B. was in kindergarten. *Id.* at 2 (unpaginated).

Mother testified on her own behalf,[1] and she presented the testimony of her sister, L.H., and her mother, C.M.G. ("Maternal Grandmother"). Father testified on his own behalf.[2] In addition, the trial court interviewed B.B. *in camera* in the presence of the parties' counsel.

By order dated November 16, 2015, and entered on November 17, 2015, the trial court granted the parties shared legal custody, Father primary physical custody during the school year, and Mother partial physical custody three weekends per month, from Friday at 4:00 p.m. until Monday morning before school. The trial court granted Mother primary physical custody during the summer, and Father partial physical custody on alternating weekends. Further, the court granted the parties two

---

[1] Mother requested partial physical custody three weekends per month during the school year, from Friday after school until Monday morning, and primary physical custody during the summer. N.T., 10/21/15, at 48.

[2] Father requested that Mother have partial physical custody two weekends per month during the school year, from Thursday afternoon until Tuesday morning, and that the parties share physical custody during the summer on an alternating weekly basis. N.T., 10/21/15, at 165.

nonconsecutive, uninterrupted weeks of physical custody during the summer. In addition, the court set forth a holiday schedule.[3]

Father timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i) and (b). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 12, 2016.

Father presents the following issues for our review:

I. Did the trial court commit an abuse of discretion and/or err by making inconsistent rulings on the relevance and admissibility of evidence?

II. Did the trial court commit an abuse of discretion and/or err in completely disregarding competent and credible evidence?

III. Did the trial court commit an abuse of discretion and/or err in its ruling on evidence that was not presented during testimony[?]

IV. Did the trial court commit an abuse of discretion and/or err by strictly limiting the parties' time to present their case to the court, as well as allowing one party more time than the other party?

V. Did the trial court commit an abuse of discretion and/or err in failing to properly consider the well[-]reasoned preference of the child based on the child's maturity and judgment, pursuant to 23 Pa.C.S. § 5328(a)(7)?

---

[3] The trial court placed its findings on the record in open court at the conclusion of the testimonial evidence. The court found both parties in contempt of the *interim* order. **See** N.T. 10/21/15, at 255-256. However, the court did not impose sanctions against them.

VI. Did the trial court commit an abuse of discretion and/or err in failing to hear and consider evidence Father wished to offer?

Father's brief at 9-10.

Our scope and standard of review is as follows.

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. . . . However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. . . . Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 2009 PA Super 244, 986 A.2d 1234, 1237 (Pa.Super. 2009) (quoting *Bovard v. Baker*, 2001 PA Super 126, 775 A.2d 835, 838 (Pa.Super. 2001)). Moreover,

> [O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.
>
> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 2006 PA Super 144, 902 A.2d 533, 539 (Pa.Super. 2006).

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa.Super. 2014).

The primary concern in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual wellbeing." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa.Super. 2006), *citing* *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa.Super. 2004).

Child custody actions are governed by the Child Custody Act ("Act"), 23 Pa.C.S. §§ 5321-5340. Trial courts are required to consider "**[a]ll** of the factors listed in section 5328(a) . . . when entering a custody order." *J.R.M. v. J.E.A.,* 33 A.3d 647, 652 (Pa.Super. 2011) (emphasis in original). This statutory section provides as follows.

### § 5328. Factors to consider when awarding custody.

(a) *Factors.* – In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

We have further explained as follows.

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [§ 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa.Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013). . . .

In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.,* 63 A.3d 331, 336 (Pa.Super. 2013), *appeal denied*, [620 Pa. 710], 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). *Id.*

*A.V.*, *supra* at 822-823.

Instantly, the trial court considered the § 5328(a) custody factors and delineated the reasons for its decision on the record in open court at the conclusion of the testimonial evidence. *See* N.T., 10/21/15, at 241-256. In its Rule 1925(a) opinion, the court addressed the errors asserted by Father in his Rule 1925(b) statement. *See* Trial Court Opinion, 1/12/16.

We note that the trial court determined it was "without sufficient information" to address Father's first, second, third, and sixth assertions. *Id.* at 2-4. Father presents precisely the same assertions in his first, second, third, and sixth issues in his statement of questions involved in his brief. We agree with the trial court that these issues are vague such that it

- 8 -

was unable to identify them and/or have any basis in which to respond to them. Therefore, we deem Father's first, second, third, and sixth issues waived. ***See Reinert v. Reinert***, 926 A.2d 539 (Pa.Super. 2007) (overbroad and imprecise issue in Pa.R.A.P. 1925(b) statement and on appeal results in waiver of issue because it fails to identify in concise manner the issue to be pursued).

Turning to his fourth issue on appeal, Father baldly asserts that there was a "disparity in time allowed" for the parties to present their cases, with Mother being afforded more time. Father's brief at 23. Importantly, Father fails to assert what amount of time the parties were given to present their cases, and/or what amount of additional time Mother was allotted.[4]

As best that we can discern, Father argues the trial court abused its discretion and/or erred by not allowing him to present additional testimony, thereby failing to create a complete record. Father cites to this Court's decision in ***Lloyd v. Lloyd***, 889 A.2d 1246 (Pa.Super. 2005), wherein we affirmed the order denying the father's petition for modification of the custody order. In doing so, we rejected the father's argument that the court erred in denying his motion *in limine* to preclude the testimony of the expert whom he retained to perform a custody evaluation.

---

[4] The transcript does not reflect the amount of time given to the parties to present their cases. In its Rule 1925(a) opinion, the trial court stated that Father, in fact, was given more time than Mother to present his case. Trial Court Opinion, 1/12/16, at 3.

During Father's direct examination, the following exchange took place:

> [THE COURT]: Counsel, I will tell you that you have 10 more minutes, and then it's [Mother's counsel's] turn for 15 minutes, and then I'll speak to the children.
>
> [FATHER'S COUNSEL]: [Mother's counsel] had two and a half hours this morning.
>
> [THE COURT]: He took two hours, and you are now into your second hour this afternoon. I do keep track.
>
> [FATHER'S COUNSEL]: Will I be able to have more time after the 15 minutes?
>
> [THE COURT]: I'm telling you that you have until quarter of 3, and then [Mother's counsel] has 15 minutes left of his time, and then I'm supposed to speak to the children at 3:00.
>
> If we have more time after that, I can allot it, but . . . we're lacking in judicial resources. . . . I am booked every day.
>
> [FATHER'S COUNSEL]: I understand. I would like [Father] to respond to some of the allegations that have been made.
>
> [THE COURT]: Okay.

N.T., 10/21/15, at 185-186.

As such, Father's counsel inquired of the trial court whether she will "have more time" after opposing counsel's cross-examination of Father. However, Father's counsel did not request additional time nor object when the court stated that it would allot more time if any was available after B.B.'s *in camera* interview.[5] For this reason, we conclude that Father's fourth issue

---

[5] We note that Father filed a pretrial memorandum on August 18, 2015, wherein he listed as witnesses the parties and their children, B.B. and A.B.
*(Footnote Continued Next Page)*

- 10 -

is waived. ***See In re S.C.B.***, 990 A.2d 762, 767 (Pa.Super. 2010) (citation omitted) (stating, in part, "[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue").

In his fifth issue, Father argues that the trial court abused its discretion and erred in failing to properly consider B.B.'s custody preference pursuant to 23 Pa.C.S. § 5328(a)(7). Specifically, Father argues that the court ignored B.B.'s "wishes to be with his Father. . . ." Father's brief at 24. We disagree.

> This Court has explained:
>
> Although the express wishes of a child are not controlling in custody decisions, such wishes do constitute an important factor that must be carefully considered in determining the child's best interest. The weight to be attributed to a child's testimony can best be determined by the judge before whom the child appears. The child's preference must be based upon good reasons and his or her maturity and intelligence must also be considered.

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa.Super. 2006) (internal quotations and citations omitted).

The trial court found as follows on the record in open court:

_(Footnote Continued)_ ————————————

At the time of the hearing, Father's counsel requested, and Mother's counsel agreed, that A.B. be excused from testifying. N.T., 10/21/15, at 4. In any event, Father did not request to present any additional testimony during the hearing.

[B.B.] does enjoy spending time with [both] his parents. We note he would like to spend more time with his father, but during the time that he has on the weekends with his father, he mostly spends that time with his friends.

He also does not want to lose time with his mother. . . .

We do not find that [B.B.]'s preference really favors either party, as he does want to remain in the Dallastown School District at this time.

N.T., 10/21/15, at 247.

Further, the court explained in its Rule 1925(a) opinion:

The [c]ourt found that the child expressed an interest in spending time with both parents, and further stated that he did not want to lose any time with [Mother]. [Father] has primary physical custody of the children, and there is no credible reason to limit [Mother's] time further. While the child presented as coached by [F]ather, he stated to the [c]ourt that when he spends time with [Father] on the weekends, he spends much of that time playing with friends. The well-reasoned preference of the child was to spend time with both parents, and the [c]ourt gave his preference the appropriate weight in evaluating all of the factors outlined in the Custody Act.

Trial Court Opinion, 1/12/16, at 5.

B.B., then ten years old, testified as follows on inquiry by the trial court:

Q. What kind of things do you do with your dad on the weekends?

A. Well, we're with -- I'm with my dad on one weekend a month at the beginning, and on Friday nights we go to synagogue. And it depends. . . . I try to hang out with my friends sometimes because, you know, most of them are close by, closer than [at] my mom's, and it gives me a chance to, like, hang out and see them.

Q. How important is it to you to continue to go to Dallastown School?

A. I mean, at the beginning I really, like, I didn't care, but, like, this year I'm liking the intermediate school a lot, and I want to stay there now because, you know, I'm in the -- I'm in the seminar program and I've made a lot more friends.

. . . .

Q. Do you have some thoughts on [the custody schedule]?

A. I want to see my dad more on the weekends, but then I would -- if I were to have, like, one more weekend a month with my dad, then I would only see my mom four days a month, so, I mean, if I would, like, have one or two weekdays with my mom sometimes and maybe another weekend with my dad, that would be nice.

Q. Okay. How about in the summer?

A. In the summer we did week-on, week-off, and I like that. I think that is fair.

N.T., 10/21/15, at 232-233, 239.

We conclude that B.B.'s testimony supports the court's findings regarding his custody preference. Further, based upon the entirety of the testimonial evidence in this case, we discern no abuse of discretion by the court in the weight it placed upon his custody preference in fashioning its custody order. As such, Father's fifth issue fails.[6]

---

[6] In addition, Father baldly asserts that the trial court "did not extend to [him] the same scope of discretion in the questioning of Father regarding what the children told him regarding their wishes and what they want, as was extended to [Mother]." Father's brief at 24. We conclude that Father has waived this issue by not setting it forth or suggesting it in his statement
*(Footnote Continued Next Page)*

- 13 -

Upon careful review, we discern no abuse of discretion by the trial court in concluding that, "[n]o credible evidence was presented that there was any reason to further limit [Mother's] time with the children, and we see no reason to do so. The form of custody in this matter is in the best interest of the children, and to afford more custodial time to [Father] as he has requested would, in effect, deprive [Mother] of any meaningful custodial time to spend with her children." Trial Court Opinion, 1/12/16, at 4-5. As such, we conclude that the testimonial evidence supports the trial court's factual findings, and that the custody award is reasonable in light of those findings. Accordingly, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016

_(Footnote Continued)_ _____

of questions involved in his brief. **_See Krebs v. United Refining Company of Pennsylvania_**, 893 A.2d 776, 797 (Pa.Super. 2006) (stating that any issue not set forth in or suggested by an appellate brief's statement of questions involved is deemed waived).